966 P.2d 1089

**STATE of Hawai'i, Plaintiff–Appellant,**

v.

**John J. RODRIGUES, Jacqueline Bissen,
Steven O. Hanson and Carrie A. Hanson,
Defendants–Appellees.**

No. 20787.

Supreme Court of Hawai'i.

Sept. 30, 1998.

Caroline M. Mee, Deputy Prosecuting Attorney, on the briefs, for plaintiff-appellant.

Myles S. Breiner, Honolulu, on the briefs, for defendant-appellee John J. Rodrigues.

Jon N. Ikenaga, Deputy Public Defender, on the briefs, for defendant-appellee Jacqueline Bissen.

Keith S. Shigetomi, Honolulu, on the briefs, for defendant-appellee Steven O. Hanson.

Donald L. Wilkerson, Honolulu, on the briefs, for defendant-appellee Carrie A. Hanson.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

In this case, the prosecution appeals from a circuit court order granting dismissal of all charges against defendants-appellees John J. Rodrigues, Jacqueline Bissen, Steven O. Hanson (Mr. Hanson), and Carrie A. Hanson (Mrs. Hanson) (collectively, the Defendants). Following a consolidated hearing on a motion to compel identity of informant and a motion to compel discovery, the circuit court ruled that information used by the police in an affidavit to support a finding of probable cause to issue a search warrant was required to be released to the Defendants but that revealing the information would jeopardize the well-being of the confidential informant (CI) who had provided the information. Rather than ordering the prosecution to release the required information in the affidavit to the Defendants, the circuit court, *sua sponte*, dismissed all charges against the Defendants.

The prosecution raises the following as points of error: (1) the circuit court erred when it held that the information in the affidavit that would lead to the identification of the CI was not privileged pursuant to Hawai'i Rules of Evidence (HRE) Rule 510; and (2) the circuit court erred when it held that the information in the affidavit that would lead to the identification of the CI was not privileged pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 16(e)(5)(ii).

Because the record is inadequate, we are unable to determine whether the HRE Rule 510 or HRPP Rule 16(e)(5)(ii) privileges apply to this case. Accordingly, we vacate the circuit court's order granting dismissal of all charges against the Defendants and remand the case with the following instructions: (1) the circuit court must determine if there is information in the affidavit that could lead to the identification of the CI; (2) the circuit court must determine if the information is discoverable or privileged pursuant to HRE Rule 510 or HRPP Rule 16(e)(5)(ii) and state its reasons in findings of fact and conclusions of law; (3) if the information is privileged, the circuit court must determine if an exception applies to the privilege; and (4) if the circuit court believes an exception applies, it should state its reasons in findings of fact and conclusions of law. If the information is privileged, the prosecution may redact the information from the affidavit before releasing it to the Defendants.

## I. BACKGROUND

On April 12, 1997, the Honolulu Police Department (HPD), after obtaining a search warrant based on information from a CI, conducted a search of a house in Kailua. After finding drugs, drug paraphernalia, and a stun gun, the police arrested the Defendants, all of whom were present at the search. Based on the contraband found during the search, the Defendants were charged with multiple counts of promotion of a dangerous drug, unlawful use of drug paraphernalia, and illegal possession of an electric gun.

On May 7, 1997, Rodrigues filed a motion to compel the identity of the informant, or, in the alternative, a motion to dismiss. Mrs. Hanson joined in the motion. Rodrigues sought the identity of the CI, and stated the following:

2. On April 12, 1997, defendants Rodrigues, Bissen and Steven and Carrie Hanson were arrested at 557 Wailepo Street pursuant to a search warrant issued under seal to protect the identity of the "confidential informant";

3. Prior to April 10, 1997, information was received, according to police records,

"by a reliable source that a male known as John Rodrigues and a female [known] as Barbara Rodrigues ... [were] distributing the illicit drug methamphetamine from 557 Wailepo Street.";

4. The "reliable source" or confidential informant provided the police and prosecution with information regarding defendant's prior associations and criminal activities which in turn were used to obtain search warrants and criminal complaints in this case;

5. The term "reliable source" is a misnomer and disguises the authenticity and accuracy of the information [upon] which the police "relied" for their probable cause and upon which the police "convinced" the court to issue a search warrant under seal;

6. Historically, there [ ] are two types of informants, the citizen informant who has, relatively speaking, no vested interest in the case other than a "civic duty" to report a possible crime[;] the other type is the classic "snitch" or "confidential informant" who has everything to lose or gain by the information provided and the arrests, indictments, and convictions resulting from that "information";

7. It appears from the preliminary hearing and initial discovery provided by the prosecution that: (a) the "reliable source" is a confidential informant, and therefore not with clean hands; (b) the "reliable source" is a confidential informant whose continued cooperation is contingent upon the arrest and prosecution of defendant's case; (c) the "reliable source" is not simply an innocent bystander or citizen informant, but an individual with a vested interest in the outcome of this and possible other cases—including their [sic] own criminal case[.]

On May 14, 1997, Mr. Hanson filed a motion to compel discovery, which sought the following:

1. The affidavit of the police officer which supported the application for a search warrant obtained in the instant case;

2. The name and address of any informant used during the investigation of the instant case;

3. A copy of any agreement or understanding, written or otherwise, between any informant used and the Honolulu Police Department, Department of the Prosecuting Attorney or any other federal, state or county agency or department;

4. The criminal arrest and conviction record of any informant used;

5. Copies of all police reports or discovery materials in cases in which the informant has assisted the Honolulu Police Department, Department of the Prosecuting Attorney or any other law enforcement agency or department[.]

These motions were consolidated for a hearing on May 19, 1997. At the hearing, the prosecution stated that CI was not going to be called as a trial witness. After hearing arguments from all parties, the circuit court interviewed HPD Detective John Shaw in chambers out of the presence of the parties.

No transcript was made of the chambers conference with Detective Shaw, but the handwritten notes of the circuit court were sealed and made part of the record pending appellate review. The notes of the circuit court's meeting with Detective Shaw apparently summarized the facts that Detective Shaw represented to the circuit court.

After the chambers conference, the circuit court orally ruled as follows:

The record will reflect that the Court had an off-record conversation with Detective John Shaw with respect to the circumstances surrounding the presentation of the affidavit for the search warrant.

The Court makes two findings:

One, that there is information which would be required to be released to defendants in this case.

My second finding is that release of that required information would jeopardize the well-being of the confidential informant.

Therefore, the Court is dismissing all charges against all defendants because I can't release to you this information.

The circuit court incorporated its oral ruling into its order granting dismissal of all charges against all defendants, filed May 22, 1997. The circuit court did not identify the

information required to be released to the Defendants either in the order or in its notes.

The prosecution's timely appeal followed.

## II. *STANDARD OF REVIEW*

■ "[F]indings of fact are reviewed to see if they are clearly erroneous[.]" *Furukawa v. Honolulu Zoological Society*, 85 Hawai'i 7, 12, 936 P.2d 643, 648, *reconsideration denied*, 85 Hawai'i 196, 940 P.2d 403 (1997) (citing *Hirono v. Peabody*, 81 Hawai'i 230, 232, 915 P.2d 704, 706 (1996)). "A finding of fact is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed." *Aickin v. Ocean View Invs. Co., Inc.*, 84 Hawai'i 447, 453, 935 P.2d 992, 998 (1997) (quoting *Dan v. State*, 76 Hawai'i 423, 428, 879 P.2d 528, 533 (1994)).

■ "[C]onclusions of law are reviewed under the right/wrong standard." *Furukawa*, 85 Hawai'i at 12, 936 P.2d at 648 (citing *Peabody*, 81 Hawai'i at 232, 915 P.2d at 706). Under the *de novo* or right/wrong standard, this court "examine[s] the facts and . answer[s] the question without being required to give any weight to the trial court's answer to it." *Aickin*, 84 Hawai'i at 453, 935 P.2d at 998 (ellipsis and citations omitted). "[A] conclusion of law is not binding upon the appellate court and is freely reviewable for its correctness." *Tabieros v. Clark Equipment Co.*, 85 Hawai'i 336, 350, 944 P.2d 1279, 1293 (1997) (citations and internal quotation marks omitted).

## III. *DISCUSSION*

■ Initially, we note that the circuit court failed to make an adequate record for appellate review in that the circuit court: (1) did not identify the information that was required to be released to the Defendants; (2) did not determine whether the required information was discoverable or privileged under HRE Rule 510 or HRPP Rule 16(e)(5)(ii); (3) if the information was privileged, did not determine whether an exception to the privilege applied; and (4) if the information was privileged and an exception applied, did not identify why the required

information needed to be released to the Defendants. Without this information, we are unable to determine whether the HRE Rule 510 or HRPP Rule 16(e)(5)(ii) privileges apply to this case. *See generally, State v. Kapiko*, 88 Hawai'i 396, 967 P.2d 228 (1998). Accordingly, we vacate the circuit court's order granting dismissal of all charges against the Defendants. Because we anticipate that the issue of privilege will recur on remand, we analyze HRE Rule 510 and HRPP Rule 16(e)(5)(ii) as guidance for the circuit court.

### A. *THE HRE RULE 510 PRIVILEGE*

The prosecution argues that it was not required to disclose information that would lead to the identification of the CI to the Defendants because the information was privileged under HRE Rule 510.

HRE Rule 510 provides in pertinent part:

(a) Rule of privilege. *The government or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer* or member of a legislative committee or its staff conducting an investigation.

. . .

(c) *Exceptions*

. . .

(2) Testimony on merits. *If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case* or of a material issue on the merits in a civil case to which the government is a party, and the government invokes the privilege, the judge shall give the government an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony. The showing will ordinarily be in the form of affidavits, but the judge may direct that testimony be taken if the judge

finds that the matter cannot be resolved satisfactorily upon affidavit. If the judge finds that there is a reasonable probability that the informer can give the testimony, and the government elects not to disclose the informer's identity, the judge on motion of the defendant in a criminal case shall dismiss the charges to which the testimony would relate, and the judge may do so on the judge's own motion.

(3) Legality of obtaining evidence. *If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, the judge may require the identity of the informer to be disclosed.* The judge shall, on request of the government, direct that the disclosure be made in camera. All counsel and parties concerned with the issue of legality shall be permitted to be present at every stage of proceedings under this paragraph except a disclosure in camera, at which no counsel or party shall be permitted to be present. If disclosure of the identity of the informer is made in camera, the record thereof shall be sealed and preserved to be made available to the appellate court in the event of an appeal, and the contents shall not otherwise be revealed without consent of the government.

(Emphases added.)

■ The condition under which the prosecution must disclose the identity of a CI, pursuant to HRE Rule 510, pertains to a situation where it is anticipated that the CI will give "testimony necessary to a fair determination of the guilt or innocence in a criminal case," and might apply in this case because the testimony of the CI may have been necessary for a determination of guilt or innocence. According to the prosecution, the CI was not going to be called to testify at trial because (1) the information provided by the CI was not the basis for any of the offenses charged against the Defendants, (2) the CI did not actively participate in any of the offenses charged, and (3) the proof of the Defendants' guilt depended on the circumstances at the time the warrant was executed and not on any information supplied by the CI. However, the prosecution never stated that the CI was not present at the execution of the search warrant. If the CI was present at the execution of the search warrant, he was a witness to the search and the offenses charged and could be called as a witness. His testimony may be necessary for a determination of guilt. Therefore, the HRE Rule 510(c)(2) exception, requiring disclosure of the identity of the CI, would apply. If not, the prosecution had the privilege to refuse to disclose information that would lead to the identification of the CI.

■ The HRE Rule 510(c)(3) exception may apply in this case, as it applies to cases where the judge believes that the CI is not reliable or credible. In this case, the Defendants made a broad allegation that all confidential informants are inherently unreliable. However, the record is unclear on the issue of whether the judge was satisfied with the credibility, reliability, and the information provided by the CI. The circuit court merely stated that "there is information which would be required to be released to defendants in this case." If the judge was not satisfied with the credibility and reliability of the CI, then the HRE Rule 510(c)(3) exception applies. If the judge was satisfied, then the HRE Rule 510 privilege applies, and, assuming the nonapplicability of the HRE Rule 510(c)(2) exception, the prosecution had the privilege to refuse to disclose information that would lead to the identification of the CI.

## B. *THE HRPP RULE 16(e)(5)(ii) PRIVILEGE*

The prosecution also argues that it was not required to disclose information in the affidavit that might identify the CI pursuant to the HRPP Rule 16(e)(5)(ii) privilege.

HRPP Rule 16(e)(5)(ii) states:

*Informants. Disclosure of an informant's identity shall not be required where the informant's identity is a prosecution secret and a failure to disclose will not infringe the constitutional rights of the*

*defendant.* Disclosure shall not be denied hereunder of the identity of a witness intended to be produced at a hearing or trial.

(Emphasis added).

■ In the case at bar, the circuit court ruled that there was "information required to be released to [the Defendants] in this case" but did not identify why the information was required to be released to the Defendants. On remand, if the circuit court applies the HRPP Rule 16(e)(5)(ii) exception to the HRPP Rule 16 privilege, it must specifically identify the constitutional rights that are being infringed.

In determining whether information regarding a CI must be disclosed, Hawai'i courts use the following test, as set forth by the United States Supreme Court:

> Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*State v. Davenport,* 55 Haw. 90, 102, 516 P.2d 65, 73 (1973) (quoting *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957)).

In cases subsequent to *Roviaro,* we required disclosure of the identity of the CI where the CI was a participant in the crime or a material witness. *State v. Texeira,* 50 Haw. 138, 145, 433 P.2d 593, 599 (1967) (citing *Miller v. United States,* 273 F.2d 279 (5th Cir.), *cert. denied,* 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747 (1959); *State v. Penney,* 242 Or. 470, 410 P.2d 226 (Or.1966)). *See also [State v.] Bullen,* 63 Haw.[ 27,] 32, 620 P.2d [728,] 731 [ (1980) ] (where the CI has been an active participant in the crime charged and his testimony might be helpful to the defense, fairness dictates his identity be disclosed by the government). However, we also noted in *Davenport, supra,* that where the CI was not involved with the crime charged, his identity was not required to be released to the defense, because the CI's testimony was not crucial to the issue of guilt:

> It is clear that the prosecution did not base its case against the defendant on any activity he might have undertaken in the presence of the informer, but rather on evidence of the defendant's knowing constructive possession of the drugs on the morning of the search. [Under] the circumstances, we cannot say that the "possible significance of the informer's testimony" to the defense outweighed the "public interest in protecting the flow of information."

*Id.* at 102–03, 516 P.2d at 73 (citation omitted). *State v. Kapiko,* 88 Hawai'i at 403, 967 P.2d at 235 (1998).

As previously noted, the prosecution did not state whether the CI was present at the execution of the search warrant. Therefore, it was possible that the CI's testimony was necessary to the issue of guilt or innocence. The HRPP Rule 16(e)(5)(ii) privilege applies as long as the Defendants' constitutional rights are not infringed. The circuit court must determine whether, if information is privileged and may be redacted by the prosecution because it would lead to identification of the CI, the Defendants would still be given enough information to challenge the district court's finding of probable cause to issue a search warrant. This would preserve the Defendants' right to a fair trial.

## IV. CONCLUSION

For the foregoing reasons, we vacate the circuit court's order granting dismissal of all charges against the Defendants, and remand the case with the following instructions: (1) the circuit court must determine if there is information in the affidavit that could lead to the identification of the CI; (2) the circuit court must determine if the information is discoverable or privileged pursuant to HRE Rule 510 or HRPP Rule 16(e)(5)(ii) and state its reasons in findings of fact and conclusions

of law; (3) if the information is privileged, the circuit court must determine if an exception applies to the privilege; and (4) if the circuit court believes an exception applies, it should state its reasons in findings of fact and conclusions of law. If the information is privileged, the prosecution may redact the information from the affidavit before releasing it to the Defendants.