STATE OF HAWAII, Plaintiff-Appellee, *v.* CARL KENNETH KICKLIGHTER, JR., Defendant-Appellant

NO. 6235

JANUARY 12, 1979

RICHARDSON, C.J., OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

Appellant pleaded guilty to two counts of robbery in the first degree and two counts of escape in the second degree. He was sentenced to concurrent terms of imprisonment of 20 years on each robbery count and 5 years on each escape count. A timely motion under Rule 35, H.R.Cr.P., was made for reconsideration of the sentences. The motion presented for the court's consideration information with respect to appellant's post-offense behavior and condition, together with recommendations of psychiatrists and social workers, in effect, that appellant be granted probation on condition that he enter Habilitat, a private rehabilitation facility. The motion for reconsideration of the sentences was denied and the appeal was taken. We affirm.

The offenses with which appellant was charged were committed shortly before his 18th birthday. The indictment

was filed and all proceedings shown in the record took place after appellant was 18 years old. The proceedings in the family court for waiver of jurisdiction of appellant pursuant to HRS § 571-22 are not in the record, although references to these proceedings are contained in the testimony. In the hearing on the motion for reconsideration, the circuit court was informed that the committee of consultants which advised the family court on the question of waiver of jurisdiction had concluded that the safety of the community required that appellant continue under judicial restraint for a period extending beyond his maturity and that waiver was accordingly recommended, but that the nature of the judicial restraint contemplated by the committee was enforced participation in the program of a community-based rehabilitation facility rather than imprisonment. It appears from the testimony that neither the family court records transmitted to the circuit court nor the presentence reports reflected this qualification of the waiver recommendation.

The presentence reports considered by the circuit court in sentencing appellant are not in the record, although the material presented on the motion for reconsideration suggests that the information with respect to appellant's history, character and condition contained in this material was omitted from the presentence reports through inadvertence. It is not contended that the court failed to consider any information contained in the presentence reports.

At the hearing on the motion for reconsideration, testimony was presented of a clinical pyschologist and a family court probation officer. These witnesses, as well as the documentary material filed with the circuit court, presented opinions to the effect that appellant appeared capable of rehabilitation through the program offered by Habilitat and that confinement in prison would retard his rehabilitation. The testimony also disclosed, however, that Habilitat was seriously overcrowded. While the opinion was expressed that Habilitat would nevertheless be able to help appellant, the nature of the available program was not described to the court. In denying the motion for reconsideration, the circuit court stated that appellant's conduct warranted a prison term

and that his post-offense behavior was for the consideration of the parole board.

A sentencing court exercises a broad discretion in deciding whether to impose a prison term, guided by the standards set forth in HRS § 706-620, which reads:

§ 706-620 Sentence of imprisonment withheld unless imprisonment is necessary. The court shall deal with a person who has been convicted of a crime without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, it is of the opinion that:

(1) There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; or

(2) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) A lesser sentence will depreciate the seriousness of the defendant's crime.

These standards are supplemented by HRS § 706-621, which sets forth grounds which, while not controlling the discretion of the court, may be accorded weight in favor of withholding sentence of imprisonment. One of the stated grounds is that "the defendant is particularly likely to respond affirmatively to probationary treatment." HRS § 706-621(10). However, it is quite apparent that the legislature intended that the sentencing court should be free, in the proper exercise of its discretion, to accord greater weight to its opinion that "a lesser sentence will depreciate the seriousness of the defendant's crime." HRS § 706-620(3). The exercise of the court's discretion in applying these standards is not reviewable on appeal in the absence of an abuse of discretion. The record does not disclose an abuse of discretion in this case.

We need not consider whether different criteria apply in reviewing the circuit court's disposition of a Rule 35 motion for reconsideration of a sentence than should be applied in reviewing the original sentence. In the absence of the presen-

tence reports, the record does not enable us to judge the seriousness of appellant's offenses, which the circuit court considered to warrant a prison sentence. It was for the circuit court to determine whether the granting of probation would have unduly depreciated the seriousness of these offenses. We cannot say that we might have reached a different determination, not knowing what was before the circuit court, and we are much farther from a determination that the discretion of the circuit court was abused.

We do not have a case in which it is clear that the circuit court refused to consider relevant information in exercising its discretion. *Cf. State v. Ortez*, 60 Haw. 107, 588 P.2d 898 (1978). If the court had determined that a prison sentence was required to avoid depreciating the seriousness of appellant's offenses, it was within its discretion to accord no weight and thus no consideration to appellant's potential for rehabilitation. As the circuit court pointed out, the function of appraising that potential as well as the power to promote appellant's rehabilitation by enabling him to be placed in the Habilitat program was also lodged in the parole board (now the Hawaii Paroling Authority) by HRS § 353-64. Especially where the question comes before the sentencing court on a Rule 35 motion for reconsideration after the defendant has served a portion of his sentence, as in this case, it is pertinent to consider the observation that "after a lapse of time the peculiar ability of the court to determine sentence gives way to the presumably greater competence, and knowledge, of penal authorities." 8A Moore's Federal Practice § 35.02(1) n.5 (1978). The penal process which is made effective by the Hawaii Penal Code and HRS Chapter 353, Part II, dealing with paroles, necessarily contemplates cases in which the court may consider that parole is more appropriate than probation. In making that determination in this case, the circuit court acted within the guided discretion conferred by HRS § 706-620.

Affirmed.[1]

---

[1] Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of

318

*Mitchell J. Werth*, Deputy Public Defender, for defendant-appellant.

*Arthur E. Ross (Randolph R. Slaton* on the brief) Deputy Prosecuting Attorneys, City and County of Honolulu, for plaintiff-appellee.

a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."