**STATE OF HAWAI'I**, Plaintiff–Appellee, v. **PATSY AKANA**, Defendant–Appellant

NOS. 16446 and 16696

(CR. NO. 92–0037)

JULY 5, 1994

HEEN, WATANABE, AND ACOBA, JJ.

OPINION OF THE COURT BY ACOBA, J.

The Defendant was charged with Intimidating a Witness, a Class C felony, under Hawai'i Revised Statutes (HRS) § 710–1071(1)(a) (1985). Thereafter, the State and the Defendant entered into a plea bargain. The plea bargain provided, in pertinent part, that the Class C felony would be reduced to Terroristic Threatening in the Second

Degree, a misdemeanor, and that the State, at sentencing, would be allowed to "argue for jail." At the hearing to receive her guilty plea, the Defendant affirmed that she understood the plea bargain, that one year was the maximum term of imprisonment on the misdemeanor charge, and that the court could impose a sentence it believed was appropriate under the circumstances. The record, in relevant part, indicates the following:

> THE COURT: Now, you have not been promised any kind of deal or favor of leniency for your plea except you have been told that the Government's reduction for a Class C Offense of intimidating a witness to a misdemeanor offense of Second Degree, Terroristic Threatening in the exchange of your plea of guilty to the amended [sic], and an agreement not to move for, or defer except [sic] of a guilty plea and the State is free at sentencing to argue for jail; is that correct?
> THE WITNESS: Yes.
> THE COURT: You fully understand the terms?
> THE WITNESS: Yes.
> THE COURT: And you do understand, however, that the Court is not a party to this case, and the Court will be free to impose any kind of sentence that the Court feels will be justified under the facts and circumstances of the case, you understand that?
> THE WITNESS: Yes.

The Defendant's plea of guilty, based upon the plea agreement, was accepted by the trial court. On the Guilty Plea form the Defendant stated, "I considered the risk of a felony conviction if trial proceeded and decided to accept

the State's plea offer. I do not contest the charges against me."[1]

. At the sentencing hearing the State argued for "a minimum of 30 days incarceration." The defense requested probation. Acknowledging that the Defendant had "a different version" of the facts, the court nevertheless found that the police report stated the Defendant had "threatened to kill" the complaining witness and the court could not "tolerate that kind of conduct."

On August 28, 1992, the court entered its judgment sentencing the Defendant to probation, and as a condition of probation, imprisonment for a period of seven days. The Defendant appealed the condition of imprisonment. Subsequently, on October 27, 1992, the Defendant filed a Motion for Reconsideration or Reduction of Sentence, contending that the lack of a criminal record and the nature of the offense did not warrant imprisonment in her case.[2] At the hearing on the motion, the Defendant

---

[1] The Guilty Plea form stated:

**9. I have not been promised any kind of deal or favor or leniency by anyone for my plea, except that I have been told that the government has agreed as follows: (If None, Write None)**

(a) reduction of Class C offense of Intimidating a Witness to the misdemeanor offense 2° Terroristic Threatening, (b) in exchange, a plea of guilty to the amended charge, (c) agreement not to move, for a deferred acceptance of Guilty Plea, and (d) State is free at sentencing to argue for jail.

**I know that the court is not a party to, so that it does not have to recognize, any deal or agreement between the prosecutor and my lawyer or me. I know that the court has not promised me leniency.**

[2] Hawai'i Rules of Penal Procedure Rule 35 provides that a motion for correction or reduction of sentence made within ninety days after the imposition of sentence is timely and the filing of a notice of appeal shall not deprive the court of jurisdiction to entertain such motion.

denied she threatened the complaining witness but said she pleaded guilty because her counsel advised her the felony charge would be reduced to a misdemeanor.[3] The court denied the motion, finding that its sentence was "fair and reasonable under the circumstances." The Defendant appealed the court's order filed on November 27, 1992, denying her motion.

Both appeals were consolidated for decision.

On appeal, our review is a limited one. A sentencing judge generally has broad discretion in imposing a sentence. *State v. Valera*, 74 Haw. 424, 435, 848 P.2d 376, 381 (1993). "The applicable standard of review in sentencing matters is whether the court committed a plain and manifest abuse of discretion in its decision." *State v. Fry*, 61 Haw. 226, 231, 602 P.2d 13, 17 (1979). "[F]actors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions." *Id.* Under HRS § 706–624(2) (Supp. 1992), the court "may provide, as [one of the] further conditions of a sentence of probation . . . that the defendant: (a) serve a term of imprisonment . . . not exceeding six months in misdemeanor cases." Hence, the seven–day term of imprisonment was a condition well within the discretion accorded the sentencing court by statute. Where a defendant pleads guilty with full knowledge of the court's authority to impose an indeterminate term of imprisonment, the

---

[3] We are not faced with a motion to withdraw guilty plea or with the question of whether a guilty plea accompanied by a denial of guilt may be accepted. *See North Carolina v. Alford*, 400 U.S. 25 (1970). The sole ground for appeal is the reasonableness of the condition of imprisonment.

court's imposition of imprisonment does not ordinarily constitute an abuse of discretion.

"Deprivation of liberty" may be imposed as a condition of a sentence to the extent that it is "reasonably necessary for the purposes indicated in section 706–606(2) [HRS] . . . ." HRS § 706–624(2). The factors to be considered by the court under HRS § 706–606(2) include the need to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense. HRS § 706–606 (Supp. 1992).[4] The Defendant claims that in imposing sentence, the trial court failed to give proper weight to her denial of wrongful conduct. Terroristic Threatening in the Second Degree here, involves the threat, by word or conduct, of bodily injury to another person. HRS §§ 707–715 (1985), 707–717 (1985).

---

[4] HRS § 706–606 in its entirety, states:

**Factors to be considered in imposing a sentence.** The Court, in determining the particular sentence to be imposed, shall consider:
(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) The need for the sentence imposed:
  (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (b) To afford adequate deterrence to criminal conduct;
  (c) To protect the public from further crimes of the defendant; and
  (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) The kinds of sentences available; and
(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Defendant did not contest the charge. She entered her guilty plea in writing and orally in open court with full knowledge that she was subject to a maximum indeterminate sentence of one year, and that the State could argue for imprisonment. These matters were reflected on the Guilty Plea form. Further, the court considered the argument of counsel, the statements of the Defendant and letters in support of the Defendant. At the hearing on the Motion for Reconsideration of Sentence, the transcript indicates that the court stated, "The court has carefully considered this matter. I do appreciate the letters of support and the information that Mr. Taylor [Defendant's counsel] has presented, however, the court will deny the motion."

Considering the nature of the offense and the circumstances presented by the record, we hold that a seven–day term of imprisonment was not unreasonably related to the factors set forth in HRS § 706–606. The weight to be given the factors set forth in HRS § 706–606 in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case. A sentencing court is "afforded wide latitude in the selection of penalties from those prescribed and in the determination of their severity." *State v. Murray*, 63 Haw. 12, 25, 621 P.2d 334, 342 (1980). Thus, "[a] sentencing court exercises a broad discretion in deciding whether to impose a prison term . . . .". *State v. Kicklighter*, 60 Haw. 314, 316, 588 P.2d 929, 931 (1979).

The court did not act arbitrarily or capriciously, nor did it rigidly refuse to consider the Defendant's contentions. There was no plain and manifest abuse of its sentencing discretion. Accordingly, the judgment of the circuit court entered on August 28, 1992 and the

November 27, 1992 order of the circuit court denying Defendant's Motion for Reconsideration or Reduction of Sentence are affirmed.

*Dwight C. H. Lum* on the brief for defendant–appellant.

*Earl R. Hoke, Jr.,* Deputy Prosecuting Attorney, on the brief for plaintiff–appellee.