**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000339
23-FEB-2022
07:38 AM
Dkt. 40 SO**

NO. CAAP-21-0000339

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
NICHOLAS ABARCAR, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO.  3CPC-20-0000734)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Defendant-Appellant Nicholas Abarcar (**Abarcar**), appeals from the Judgment of Conviction and Sentence (**Judgment**), filed on May 17, 2021 by the Circuit Court of the Third Circuit (**Circuit Court**).[1]  In accordance with a plea agreement with Plaintiff-Appellee State of Hawaiʻi (**State**), Abarcar pled guilty to Negligent Homicide in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-703(1), and three counts of Negligent Injury in the Second Degree, in violation of HRS § 707-706(1).[2]

---

[1]     The Honorable Robert D.S. Kim presided.

[2]     This case arose out of a fatal head-on collision that occurred on November 10, 2019, on Queen Kaʻahumanu Highway, in Kailua-Kona, Hawaiʻi Island, between Abarcar's vehicle and a vehicle driven by the decedent, Cassandra Ellis (**Decedent**).  Abarcar was charged with manslaughter, first-degree and second-degree negligent homicide against Decedent; two counts of first-degree negligent injury, and one count of second-degree negligent injury against Decedent's two daughters and one of her daughter's friends; and one count of operating a vehicle under the influence of an intoxicant.  Pursuant to the plea agreement, three of the counts were dismissed with prejudice.

On appeal, Abarcar contends the Circuit Court "plainly and manifestly abused its discretion" by disregarding the sentencing factors under HRS § 706-606,[3] resulting in a sentence that was "unduly harsh, violating [Abarcar's] substantial right to be punished appropriately and justly."

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Abarcar's point of error as follows, and affirm.

Abarcar argues that the Circuit Court disregarded the HRS § 706-606 factors by "relying upon extraneous experiences and notions." Abarcar asserts that "there were a variety of dispositions available" pursuant to HRS §§ 706-605[4] and 706-

---

[3]    HRS § 706-606 (2014), entitled "Factors to be considered in imposing a sentence," provides:

>        The court, in determining the particular sentence to be imposed, shall consider:
>
>        (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;
>
>        (2)    The need for the sentence imposed;
>
>               (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>
>               (b)    To afford adequate deterrence to criminal conduct;
>
>               (c)    To protect the public from further crimes of the defendant; and
>
>               (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>        (3)    The kinds of sentences available; and
>
>        (4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

[4]    HRS § 706-605 (2014), entitled "Authorized disposition of convicted defendants," sets forth the authorized dispositions for criminal offenses, such as sentences for probation, payment of a fine, imprisonment, and performance of community service.

2

605.1,[5] but the Circuit Court's statements at the sentencing hearing indicated that Arbacar's sentence was "not based solely on applying HRS Chapter 706." Abarcar also argues that the punishment imposed upon him was contrary to the Presentence Diagnosis and Report (**PSI Report**), and focused on retribution and deterrence, leading to Abarcar's "disparate treatment at sentencing."

We review a sentencing court's imposition of sentence for an abuse of discretion.

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Mundon, 121 Hawaiʻi 339, 349, 219 P.3d 1126, 1136 (2009) (quoting State v. Kahapea, 111 Hawaiʻi 267, 278, 141 P.3d 440, 451 (2006)). "The weight to be given the factors set forth in HRS § 706-606 in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case." State v. Akana, 10 Haw. App. 381, 386, 876 P.2d 1331, 1334 (1994). A sentencing court "is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606. Rather, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Lewi v. State, 145 Hawaiʻi 333, 350-51, 452 P.3d 330, 347-48 (2019) (quoting State v. Kong, 131 Hawaiʻi 94, 102, 315 P.3d 720, 728 (2013) (internal quotation marks and footnote omitted) (emphasis added)).

---

[5] HRS § 706-605.1 (2014 & Supp. 2016), entitled "Intermediate sanctions; eligibility; criteria and conditions," sets forth alternative, intermediate sanctions, such as house arrest, drug court programs, residential programs, and other similar programs.

Here, the record reflects that at the May 17, 2021 sentencing, the Circuit Court indicated that it had reviewed the PSI Report, the records and files of the case, and stated that it considered "all the factors" in its review. The PSI Report contained the pre-sentence investigator's review of the HRS § 706-606 sentencing factors, and detailed letters from both the prosecutor and Abarcar's trial counsel addressing all of the factors. The PSI Report also included victim impact statements, as well as approximately 50 letters for Abarcar and 14 letters for the victims, from their respective families, friends, and community members. The Circuit Court stated that it had "reviewed every letter from both sides."

At sentencing, the State argued for the maximum sentence of five years imprisonment on the Negligent Homicide offense concurrent with the Negligent Injury offenses because of Abarcar's "decision making process he took that day, along with his prior DUI." Abarcar's counsel referenced and summarized his argument "[a]pplying the factors under 706-606" as detailed in the report, and requested a sentence of probation with community service, and if the court felt necessary, house arrest, electronic monitoring or "even intermittent jail if the Court believes that incarceration is appropriate[.]"

The Circuit Court imposed sentence as follows:

> THE COURT: Okay. <u>So the Court has reviewed the presentence report, I've reviewed all the letters, all the attachments</u>. I'm not aware of any media stories that said whatever you're referring to. I did not know of it. I did not consider it. <u>The Court based my review on the presentence report and the records and files of this case</u>.
>
> There is a lot of attention to this case by the respective families. The question when I came into court this morning as a judge was, what is justice. Cause that's why we're here. What is justice. <u>On the one side I'm being asked to send Mr. Abarcar to prison. On the other side I'm being asked to consider his record and to give him probation and community service and maybe intermittent jail</u>.
>
> This is my analysis of the case. In the blink of an eye someone is dead. [Decedent] died horribly in front of her daughters. Her two-year-old daughter [ ] wonders why mom is gone. I can only conclude that this tragedy was senseless. It was negligence. But it was senseless. There's no -- no rhyme or reason.

Looking at the radio to attempt to sink [sic] a phone while driving, a lot of young people do that. You drive on the road, you see them. Adults do it too. I drive, I live in the community, I see people on their phones. I see them looking down, jamming on their brakes when they don't pay attention. The overriding thing about this tragedy is that it was completely avoidable. It was completely avoidable and it was senseless and it caused such destruction to the [Decedent's] family as well as the Abarcar family.

<u>And so based upon my review, considering all the factors</u>, it is the judgment and conviction of the Court as follows as to the charges to which Defendant pled. Negligent Homicide in the Second Degree, Count Three. Count Four, Negligent Injury in the Second Degree, lesser included offense. Count Five, Negligent Injury in the Second Degree, lesser included offense. And Count Six, Negligent Injury in the Second Degree. Defendant is convicted and found guilty of the charges to which Defendant pled.

<u>It is the judgment and sentence of the Court</u> as follows. <u>Defendant is committed to the custody of the Director of the Department of Public Safety for incarceration for an indeterminate period of five years as to Count Three. One year as to Counts Four, Five, and Six with credit for any and all time served. Terms of incarceration shall run concurrent as to all counts</u>.

. . . .

Defendant entered the pleas indicated, it is adjudged that the Defendant has been convicted of and is guilty of the offense stated above, committed in the manner and set forth in the charge. It is further ordered that bail conditions are cancelled.

<u>You're going to spend some time in prison. You're young, you're going to get out, you have promise. But what you did, you have to pay the price.</u>

<u>And this is a warning to all who get distracted of what can happen. And it's a message not only to you but to the community as to -- pay attention</u>, our roads, we all drive on the roads.

[Decedent] had nothing but happiness followed by death.

Mittimus forthwith.

[DEFENSE COUNSEL]: Your Honor, would the Court entertain a motion to stay the sentence pending appeal?

THE COURT: No. Denied.

(Emphases added).

The record reflects that the Circuit Court considered the "nature and circumstances of the offense[s]" under subsection (1) of HRS § 706-606, by noting the tragic nature of the case, the fact that someone died, and how the Decedent "died horribly

in front of her daughters." The Circuit Court also considered the "history and characteristics" of Abarcar under subsection (1), by noting that it was "being asked to consider his record and to give him probation . . . ." The Court noted the "kinds of sentences available" to it under subsection (3), and expressed that it was weighing two different sentencing options from the opposing sides: prison or "probation and community service and maybe intermittent jail." Under HRS § 706-606(2)(a) and (2)(b), the Circuit Court considered the need for the sentence imposed to reflect the "seriousness of the offense[s]," to "provide just punishment," and to afford deterrence, by noting the seriousness of the inattentive driving conduct, that others in the community drove in a similarly distracted manner, and stating that the Court had contemplated "[w]hat is justice" in light of the "destruction to the [Decedent's] family[.]"

Although the Circuit Court did not expressly articulate or address every HRS § 706-606 sentencing factor or explain its conclusions as to every factor, it was "not required" to do so. Lewi, 145 Hawaiʻi at 350-51, 452 P.3d at 347-48. The Circuit Court is presumed to have considered all of the factors before imposing its sentence. See id. The record reflects that the Court considered "all the factors," and that it had reviewed the PSI Report that contained extensive HRS § 706-606 factor-specific written argument from both sides. We cannot conclude from this record that the Circuit Court committed "plain and manifest" abuse of its broad sentencing discretion when it sentenced Abarcar to concurrent terms of imprisonment, and rejected a sentence of probation. Mundon, 121 Hawaiʻi at 349, 219 P.3d at 1136. In deciding in favor of the more severe penalty of imprisonment for Abarcar, the record does not reflect that the Court was "arbitrary or capricious" or expressed a "rigid refusal" to consider Abarcar's mitigating arguments. Id.; see Kahapea, 111 Hawaiʻi at 282, 141 P.3d at 455 ("While stern, the circuit court's sentence furthers the statutory penological goals of retribution, incapacitation, and deterrence and does not

reflect 'arbitrary or capricious action' or 'a rigid refusal to consider the defendant's contentions.'") (citation omitted)).

For the foregoing reasons, the Judgment of Conviction and Sentence, filed on May 17, 2021 by the Circuit Court of the Third Circuit, is affirmed.

DATED:  Honolulu, Hawaiʻi, February 23, 2022.

On the briefs:

Jason R. Kwiat
(Schlueter, Kwiat & Kennedy)
for Defendant-Appellant

Stephen L. Frye
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge