NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000472
28-MAY-2024
07:53 AM
Dkt. 35 SO

NOS. CAAP-23-0000472 and CAAP-23-0000473

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-23-0000472**

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRONSON LEE OILI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC111000388)

and

**CAAP-23-0000473**

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRONSON-LEE OILI, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC141000474)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Bronson Lee Oili (**Oili**) appeals

from the Orders of Resentencing entered by the Circuit Court of

the Third Circuit (**circuit court**) in 3PC111000388 (**2011 case**) and 3PC141000474 (**2014 case**) on July 20, 2023.[1]

On appeal, Oili raises a single point of error, contending that the circuit court erred in imposing consecutive sentences, with respect to the 2011 case and the 2014 case, amounting to a fifteen-year term of imprisonment. Upon careful review of the record and relevant legal authorities, we resolve Oili's point of error as follows.

Oili was charged in the 2011 case with: (1) Terroristic Threatening in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 707-715(1) and 707-716(1)(e); (2) Burglary in the First Degree, in violation of HRS § 708-810(1)(c); (3) Place to Keep Unloaded Firearms Other Than Pistols and Revolvers, in violation of HRS § 134-24(a); and (4) Assault in the Third Degree, in violation of HRS § 707-712(1)(a). Oili pled guilty to all four charges, and was sentenced to probation in January 2012.

While on probation, Oili was charged in the 2014 case with: (1) and (2) Assault Against a Law Enforcement Officer in the First Degree, in violation of HRS § 707-712.5(1)(a); (3) Accidents Involving Damage to Vehicle or Property, in violation of HRS § 291C-13; (4) Driving Without a License, in violation of

---

[1] The Honorable Peter K. Kubota presided.

HRS § 286-102(b); (5) Resisting Arrest, in violation of HRS § 710-1026(1); and (6) Conditions of Operation and Registration of Motor Vehicles, commonly referred to as no No-Fault Insurance, in violation of HRS § 431:10C-104(a), creating the 2014 case. On June 1, 2015, Oili entered no contest pleas, and the court found Oili guilty of counts 1, 2, 3, and 5. Oili was sentenced to four years of probation in counts 1 and 2, ten days jail in count 3, and one-year jail in count 5, with credit for time served.

Following Oili's arrest in the 2014 case, the State moved in the 2011 case for revocation of Oili's probation, and for resentencing. In June 2015, after Oili's conviction in the 2014 case, the circuit court resentenced Oili to a new five-year term of probation for his 2011 conviction.

In July 2017, the State moved for revocation of Oili's probation and resentencing, in both the 2011 and 2014 cases, after Oili violated the terms and conditions of his probation. The circuit court resentenced Oili to a new five-year term of probation in the 2011 case, and a new four-year term of probation in the 2014 case.

In June 2019, the State once more moved for revocation of Oili's probation and resentencing, in both the 2011 and 2014 cases, after Oili again violated the terms and conditions of his

probation.  The circuit court revoked Oili's probation, and resentenced him to a ten-year term of imprisonment in the 2011 case, and a five-year term of imprisonment in the 2014 case, with the prison terms to run consecutively.  The circuit court entered an Amended Order of Resentencing, and Oili appealed to this court.  On December 22, 2021, this court, in CAAP-20-0000712, vacated Oili's sentence, and remanded for resentencing, on the grounds that the circuit court failed to state its reasoning as to why Oili was sentenced to consecutive terms of imprisonment.

On remand, at Oili's resentencing hearing, the circuit court first addressed the sentencing factors set forth in HRS § 706-606 (2014), to determine that Oili should be sentenced to a term of imprisonment rather than probation.  The circuit court explained its rationale to Oili, as follows,

> [A]s mentioned you've been on probation since 2012 and that never work [sic].  And I do see a change in you, but the -- the thing that's not good for you is that the prison life has been good for you in that it's -- it's assumably been keeping you sober, clean and sober from drugs and in a controlled lifestyle that's better for you.
>
> We -- we tried with you at probation.  We tried substance abuse treatment on probation, but it doesn't work when you're free, and that's the problem.  So the only question I have here, um, well, I'll go through the other factors, too, first just to make sure we make a clean record.
>
> The -- the factors of the sentence being imposed to reflect the seriousness of the offenses, promote respect for the law and provide punishment for the law.
>
> **The first [case] was Terroristic Threatening.**  That's back in -- from 2011 and a firearms charge, and **the second**

4

**case was the assault against a law enforcement officer** in 2014.

**After you were convicted as a felon you know that you're not supposed to have any kind of firearms, and nonetheless in 2017 you were convicted of ownership possession of a firearm** and luckily somehow got pled down to a Class C [felony]. And in the 20 case it was a shooting at the Hilo Terrace Apartments, and that case you got pled all the way down to a misdemeanor.

So all these kinds of things, **it's the seriousness of the crimes and to provide punishment,** it is not unfair to ask that you gotta spend time in prison for this.

Now, the other -- another factor is whether or not the sentence affords adequate deterrence to criminal conduct.

**You were on probation since 2012. The probation sentence did not deter you from criminal conduct and worse yet the recurring cases were with drugs,** and according to this factor of 2(b), you know, a prison sentence is required.

Now, under 2(c) the Court needs to consider the protection of the public from further crimes, and that's the -- that's the main thing of every probation sentence is that you shall not commit another federal or state crime.

So **from your first case you got -- you committed and got convicted of three more crimes. And the protection of the public especially is that there's innocent people that could have gotten shot** at the -- at the Hilo Terrace Apartments, **and the police officers and, um, who effectuate a lawful arrest get injured trying to take you into custody.** That leans towards having to be incarcerated.

Now, the need for the sentence to provide educational training or -- or other treatment. It's clear that you need a drug treatment, and you were given the opportunities out in the public to do it while on probation many, many times over eight years and that didn't turn out okay. And **I do believe prison will get you drug treatment** at some point in time in -- in your programming once you are sentenced.

And the problem for you, Mr. Oili, is that treatment and freedom don't work together. You can't accomplish it. Even with all the assistance of the probation department and all the help in the treatment facilities it didn't work while you're free.

Now, the kind of sentences that are available that I do consider basically it's probation or it's prison. We tried probation many, many times from Judge Nakamura's time

since 2012 and that hasn't worked and it will not work, and the last -- the last straw was the 2020 case with the, um, the firearm.

The circuit court then addressed whether a concurrent or consecutive sentence was warranted. The circuit court explained,

> I'll say these things in considering whether or not I'm gonna give Mr. Oili a concurrent sentence or consecutive sentence.
>
> Your dangerousness in the public is of great concern. It was always a concern with the probation office and with this Court. And while on probation and trying to deal with your drug problem you kept going back to guns, and that's -- that's of greatest concern to me is that there's assaultive behavior with the police, possession of firearms and continued drug use.
>
> And you made all your pleas for chances again and again, and you asked your probation officer not to give up on you and -- and they didn't and they worked to try and get you into treatment programs. And what happened was after your probation was revoked again you recommit a violent and dangerous offense by shooting at Mr., um, at that, um, at the Hilo Terrace Apartment.
>
> The LSI assessment conducted on May 15, 2020 results in the highest scores for criminogenic factors, being criminal history, education, employment and financial. You scored a 36 which recommends a high level of supervision.
>
> It's clear you're not probationable. You're convicted -- you're a convicted felon with continued drug use and guns, and it's for the protection of the public that I have to send you to prison.
>
> And, you know, if I gave you a concurrent sentence what that does is it allows you to add on crime after crime after crime and you pay for it all one time and that's not fair to the public or the criminal justice system, and **for the protection of the public I will have to impose a consecutive sentence**. But as you folks had agreed before the [2014 case] and 17-535 [case][2] can be concurrent with each other.

---

[2] Oili has not appealed his five-year prison sentence in 3CPC-17-0000535, that the circuit court ruled would run concurrently with the five-year sentence imposed in the 2014 case.

> So in 3CP- 17-535 [sic] I sentence you to a term of 5 years[] imprisonment; [the 2014 case], 5 years in prison concurrent with each other.
>
> Now, as to [the 2011 case] I'm sentencing you to a term of 5 years as to Counts 1 and 3 and 10 years as to Count 2. All counts in [the 2011 case] shall be concurrent with each other but shall be consecutive as to the terms in 17-535 and [the 2014 case].
>
> **So 5 -- 17 and [the 2014 case]shall be concurrent with each other consecutive to the [2011]case so that is 10 years, plus 5 years, and this is based on the need to protect the public, and the other factors which I stated above is the repeated resort to drugs and firearms after being revoked on probation.**

(Emphasis added.)

We review the circuit court's Orders of Resentencing, which sentenced Oili to consecutive ten- and five-year terms of imprisonment in the 2011 and 2014 cases, for abuse of discretion.

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013) (cleaned up).

Pursuant to HRS § 706-668.5(1) (Supp. 2015), a sentencing court has discretion to impose consecutive or concurrent sentences. In making this determination, the court

must consider the factors set forth in HRS § 706-606.[3]  However, "[t]he weight to be given the factors set forth in HRS § 706-606 in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case."  State v. Akana, 10 Haw.App. 381, 386, 876 P.2d 1331, 1334 (1994).  "Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606."  Kong, 131 Hawaiʻi at 102, 315 P.3d at 728 (cleaned up).

Nevertheless, the "circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence."  State v. Hussein, 122 Hawaiʻi 495, 510, 229 P.3d 313, 328 (2010).  Hussein requires that the circuit

---

[3]    HRS § 706-606 provides four factors for the court to consider in imposing a sentence:

  (1)   The nature and circumstances of the offense and the history and characteristics of the defendant;
  (2)   The need for the sentence imposed:
    (a)   To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
    (b)   To afford adequate deterrence to criminal conduct;
    (c)   To protect the public from further crimes of the defendant; and
    (d)   To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3)   The kinds of sentences available; and
  (4)   The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

court (1) identify the facts or circumstances within the range of statutory factors it should have considered, and (2) confirm that the decision was deliberate, rational, and fair. See Lewi v. State, 145 Hawai'i 333, 350, 452 P.3d 330, 347 (2019).

On this record, we conclude that the circuit court sufficiently identified the facts and circumstances that provided the basis for its imposition of a consecutive prison sentence under the sentencing factors set forth in HRS § 706-606, and it confirmed that the decision was "deliberate, rational, and fair." We find that the circuit court articulated a meaningful rationale for each consecutive sentence. State v. Bautista, 153 Hawai'i 284, 291, 535 P.3d 1029, 1036 (2023) ("A court's rationale must be tethered to each consecutive sentence.")

The circuit court extensively considered the need for Oili's sentences to reflect the seriousness of his offenses, to promote respect for the law, to deter other criminal conduct, to provide just punishment, to protect the public from further crimes of the defendant, and to provide educational training or treatment. The circuit court considered, *inter alia*, the seriousness of Oili's 2011 conviction for Terroristic Threatening, and his 2014 conviction for assaulting a law enforcement officer, the fact that he was convicted of

9

committing additional crimes after these convictions, and his continued use of drugs and illegal possession of firearms. The circuit court further explained that its imposition of consecutive terms of imprisonment for Oili's 2011 and 2014 convictions "is based on the need to protect the public, and the other factors which I stated above is the repeated resort to drugs and firearms after being revoked on probation."

We conclude that the circuit court's statements at the sentencing hearing clearly explained its rationale for imposing consecutive terms of imprisonment. As the circuit court concluded, Oili was placed on probation multiple times, and he was given multiple chances for rehabilitation. However, his continued commission of crimes, use of drugs, and illegal possession of firearms demonstrated that "[i]t's clear [Oili is] not probationable." The circuit court then determined that, given these facts and circumstances, the imposition of consecutive terms of imprisonment was necessary to protect the public.

10

For the foregoing reasons, we affirm the circuit court's Orders of Resentencing entered in 3PC111000388 and 3PC141000474.

DATED: Honolulu, Hawaiʻi, May 28, 2024.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Shannon M. Kagawa,
Deputy Prosecuting Attorney,
County of Hawaiʻi
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge